KAREN L. LOEFFLER
United States Attorney

JACK S. SCHMIDT
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
709 W 9th Street, Rm 937
P.O. Box 21627
Juneau, Alaska   99802
Phone: (907) 796-0400
Fax: (907) 796-0409
Email: jack.schmidt@usdoj.gov

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BENJAMIN TYLER RICHARDSON,<br><br>Defendant. | ) Case No.<br>)<br>) **COUNT 1:**<br>) DRUG CONSPIRACY<br>)    Vio. 21 U.S.C. §§ 846,<br>) 841(a)(1), (b)(1)(A), and<br>) (b)(1)(C)<br>)<br>)<br>) |

## I N F O R M A T I O N

The United States Attorney charges that:

//


//

## COUNT 1

DRUG CONSPIRACY

Beginning at some exact time unknown, but starting at least in or about May 11, 2014 and continuing on or about July 15, 2014, both dates being approximate and inclusive, within the District of Alaska and elsewhere, the defendant, BENJAMIN TYLER RICHARDSON, did unlawfully, knowingly and intentionally combine, conspire, confederate, and agree with others known and unknown to the Grand Jury, to distribute and to possess with the intent to distribute 50 grams or more of actual methamphetamine and a mixture and substance containing a detectable amount of heroin.

All of which stands in violation of Title 21, United States Code, §§ 846, 841(a)(1), (b)(1)(A), and (b)(1)(C).

RESPECTFULLY submitted this 14th day of October, 2015, at Juneau, Alaska.

KAREN L. LOEFFLER
United States Attorney


s/ Jack S. Schmidt
Assistant U.S Attorney
United States of America

US v. RICHARDSON                    2

KAREN L. LOEFFLER
United States Attorney

JACK S. SCHMIDT
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
709 W. 9th St., Room 937
P.O. Box 21627
Juneau, AK 99802
Phone: (907) 796-0400
Fax: (907) 796-0409
Email: Jack.Schmidt@usdoj.gov

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    vs.<br><br>BENJAMIN TYLER RICHARDSON,<br><br>          Defendant. | ) Case No. 1:15-cr-00003-TMB-LCL<br>)<br>)<br>) **PLEA AGREEMENT**<br>)<br>)<br>)<br>)<br>)<br>) |

        **Unless the parties jointly inform the Court in writing of any additional agreements, this document in its entirety contains the terms of the plea agreement between the defendant and the United States.  This agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.**

## I.   TERMS OF AGREEMENT, FEDERAL RULE OF CRIMINAL PROCEDURE 11, WAIVER OF CLAIM FOR ATTORNEY'S FEES AND COSTS

### A.   Terms of Agreement

The defendant agrees to plead guilty to Count 1 of the Information in this case.  The United States agrees not to prosecute the defendant further for any other offense related to the event that resulted in the charge contained in the Information. The parties are free to make sentencing recommendations consistent with this agreement.  Any agreements the parties have on sentencing recommendations and guideline applications are set forth in Section III. The defendant will waive all rights to appeal the conviction and sentence imposed under this agreement, and will waive all rights to collaterally attack the conviction and sentence, except on the grounds of ineffective assistance of counsel or the voluntariness of the plea(s).

### B.   Federal Rule of Criminal Procedure 11

Unless the parties otherwise inform the Court in writing, Federal Rule of Criminal Procedure 11(c)(1)(A) and (B) will control this plea agreement.  Thus, the defendant may not withdraw from this agreement or the guilty plea(s) if the Court rejects the parties' sentencing recommendations at the sentencing hearing.

//

US v. RICHARDSON

### C.    Waiver of Claim for Attorney Fees and Costs

Because this is a negotiated resolution of the case, the parties waive any

claim for the award of attorney fees and costs from the other party.

## II.    CHARGES, ELEMENTS, FACTUAL BASIS, STATUTORY PENALTIES AND OTHER MATTERS AFFECTING SENTENCE, FORFEITURE

### A.    Charges

1.    **The defendant agrees to plead guilty to the following count(s) of the indictment/information:**

**Count 1:** Drug Conspiracy, a violation of Title 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A), and (b)(1)(C);

### B.    Elements

The elements of the charge(s) to which the defendant is pleading guilty are

as follows:

<u>Drug Conspiracy</u>

1.    Beginning at some exact time unknown, but starting at least in or

about May 11, 2014, and continuing until on or about July 15, 2014, there

was an agreement between two or more persons to distribute and to possess

with the intent to distribute methamphetamine and heroin; and

US v. RICHARDSON

2.    The defendant, BENJAMIN TYLER RICHARDSON, became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

3.    The conspiracy involved 50 grams or more of actual methamphetamine and a mixture and substance containing a detectable amount of heroin that were reasonably foreseeable to the defendant.

C.    **Factual Basis**

The defendant admits the truth of the allegations in Count 1 of the information and the truth of the following statement, and the parties stipulate that the Court may rely upon this statement to support the factual basis for the guilty plea(s) and for the imposition of the sentence:

Beginning at some time unknown, but starting at least in or about May 11, 2014 and continuing on or about July 15, 2014, both dates being approximate and inclusive, the defendant BENJAMIN TYLER RICHARDSON and others did knowingly and intentionally combine, conspire, confederate, and agree with others known and unknown to distribute and to possess with the intent to distribute methamphetamine and heroin.

//

US v. RICHARDSON

Page 4 of 18

BENJAMIN TYLER RICHARDSON became a member of a drug trafficking conspiracy to distribute and to possess with the intent to distribute methamphetamine and heroin in Ketchikan, Alaska.  RICHARDSON coordinated the distribution of methamphetamine and heroin in Ketchikan for the conspiracy, as well as, collection of drug proceeds from conspirators for the payment of drugs obtained from the lower 48.  RICHARDSON met with co-conspirators in Washington State to be supplied with methamphetamine and heroin and either transported the narcotics on his person to Ketchikan or used drug couriers flying on commercial airlines to do so.

During the course of the conspiracy, co-conspirator LAYTEN SCOTT BANCHERO distributed or possess with the intent to distribute 83.71 actual grams of actual methamphetamine and 30.1 grams of mixture and substance of heroin that was intended for subsequent distribution in Ketchikan, Alaska.  The distribution of the previously described narcotics was a reasonably foreseeable consequence of the conspiracy.

//


//


US v. RICHARDSON

Page 5 of 18

### D.    Statutory Penalties and Other Matters Affecting Sentence

#### 1.    Statutory Penalties

The statutory penalties applicable to the charges to which the defendant is pleading guilty, based on the facts to which the defendant will admit in support of the guilty plea(s), are as follows:

**Count 1: Drug Conspiracy**

1) 10 years (Mandatory Minimum) to life imprisonment;

2) a maximum $10,000,000 fine;

3) a $100 mandatory special assessment; and

4) five years (Mandatory Minimum) to life of supervised release.

#### 2.    Other Matters Affecting Sentence

#### a.    Conditions affecting the defendant's sentence

The following conditions may also apply and affect the defendant's sentence: 1) pursuant to Comment 7 of U.S.S.G. § 5E1.2, the Court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term; 2) pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the Court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date;

//

US v. RICHARDSON

3) upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release; 4) the Court may order the defendant to pay restitution pursuant to 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1.

### b.    Payment of Special Assessment

The defendant agrees to pay the entire special assessment in this case on the day the Court imposes the sentence.  All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

### c.    Consequences of Felony Conviction

Any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps, welfare or other forms of public assistance, as well as the right to own or possess any firearms, the right to vote, the right to hold public office, and the right to sit on a jury.  If applicable, any defendant who is not a United States citizen may be subject to deportation from the United States following conviction for a criminal offense and will not be permitted to return unless the defendant specifically receives the prior approval of the United States Attorney General.

US v. RICHARDSON

**E.    Forfeiture**

There is no forfeiture in this case.

**F.    Restitution**

There is no agreement as to restitution.

## III.    ADVISORY UNITED STATES SENTENCING GUIDELINES; GUIDELINE APPLICATION AGREEMENTS; SENTENCING RECOMMENDATIONS

**A.    Advisory United States Sentencing Guidelines**

The Court must consult the advisory United States Sentencing Commission Guidelines [U.S.S.G.] as well as the factors set forth in 18 U.S.C. § 3553(a) when considering the sentence to impose. The U.S.S.G. do not establish the statutory maximum or minimum sentence applicable to the offenses to which the defendant is pleading guilty. The U.S.S.G. are not mandatory and the Court is not bound to impose a sentence recommended by the U.S.S.G.

//


//


//


US v. RICHARDSON

**B.    Guideline Application Agreements**

The parties have no agreements on any guideline applications unless set
forth below in this section.

**1.    Acceptance of Responsibility**

If the United States concludes that the defendant has satisfied the criteria set
out in U.S.S.G. § 3E1.1 and the applicable application notes,  the United States
agrees to  recommend the defendant for a two level downward adjustment for
acceptance of responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move for the
additional one level adjustment for acceptance of responsibility.  If, at any time
prior to imposition of  the sentence, the United States concludes that the defendant
has failed to fully satisfy the criteria set out in  U.S.S.G. § 3E1.1, or has acted in a
manner inconsistent with acceptance of responsibility, the United States will not
make or, if already made, will withdraw this recommendation and motion.

**2.    Base Offense Level**

The parties jointly recommend that the defendant's base Guideline offense
level is 30 Pursuant to U.S.S.G. § 2D1.1(c).

//


//

US v. RICHARDSON

## C.    Sentencing Recommendations

The United States Probation Office will prepare the defendant's pre-sentence report in which it will include a recommended calculation of the defendant's sentence range under the U.S.S.G.  Both the United States and the defendant will have the opportunity to argue in support of or in opposition to the guideline sentence range calculation the U.S.P.O. recommends, as well as present evidence in support of their respective sentencing arguments. The parties are free to recommend to the Court their respective positions on the appropriate sentence to be imposed in this case based on the stipulated facts set forth in Section II C, any additional facts established at the imposition of sentence hearing, the applicable statutory penalty sections, the advisory U.S.S.G., and the sentencing factors set forth in 18 U.S.C. § 3553.

## IV.    WAIVER OF TRIAL, APPELLATE RIGHTS, AND COLLATERAL ATTACK RIGHTS

### A.    Trial Rights

Being aware of the following, the defendant waives these trial rights:

- If pleading to an information, the right to have the charges presented to the grand jury prior to entering the guilty plea;

//

US v. RICHARDSON

–   The right to a speedy and public trial by jury on the factual issues establishing guilt or any fact affecting the mandatory minimum and statutory penalties, and any issue affecting any interest in any assets subject to forfeiture;

–   The right to object to the composition of the grand or trial jury;

–   The right to plead not guilty or to persist in that plea if it has already been made;

–   The right to be presumed innocent and not to suffer any criminal penalty unless and until the defendant's guilt is established beyond a reasonable doubt;

–   The right to be represented by counsel at trial and if necessary to have a counsel appointed at public expense to represent the defendant at trial -- the defendant is not waiving the right to have counsel continue to represent the defendant during the sentencing phase of this case;

–   The right to confront and cross examine witnesses against the defendant, and the right to subpoena witnesses to appear in the defendant's behalf;

//

US v. RICHARDSON

Page 11 of 18

– The right to remain silent at trial, with such silence not to be used
against the defendant, and the right to testify in the defendant's
own behalf;

– The right to contest the validity of any searches conducted on the
defendant's property or person.

**B.     Appellate Rights**

The defendant waives the right to appeal the conviction(s) resulting from the
entry of guilty plea(s) to the charges set forth in this agreement. The defendant
further agrees that if the Court imposes a sentence that does not exceed the
statutory maximum penalties – as set forth in section II D above in this agreement,
the defendant waives without exception the right to appeal on all grounds
contained in 18 U.S.C. § 3742 the sentence the Court imposes – including
forfeiture (if applicable) or terms or conditions of probation (if applicable) or
supervised release, and any fines or restitution.

**C.     Collateral Attack Rights**

The defendant agrees to waive all rights to collaterally attack the resulting
conviction(s) and/or sentence – including forfeiture (if applicable) or terms or
conditions of probation (if applicable) or supervised release, and any fines or
restitution – the Court imposes.

US v. RICHARDSON

The only exceptions to this collateral attack waiver are as follows:  1) any challenge to the conviction or sentence alleging ineffective assistance of counsel -- based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the defendant at the time the Court imposes sentence; and 2) a challenge to the voluntariness of the defendant's guilty plea(s).

## V.    ADDITIONAL AGREEMENTS BY UNITED STATES

In exchange for the defendant's guilty plea(s) and the Court's acceptance of the defendant's plea and the terms of this agreement, the United States agrees that it will not prosecute the defendant further for any other offense -- now known -- arising out of the subject of the investigation related to the charges brought in the indictment in this case and the defendant's admissions set forth in Section II C. Provided, however, if the defendant's guilty plea(s) is/are rejected, withdrawn, vacated, reversed, or set aside, or if the defendant's conviction or sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated as well as for perjury and false statements.

US v. RICHARDSON

## VI.    ADEQUACY OF THE AGREEMENT

Pursuant to Local Criminal Rule 11.2 (d)(7) and (8), this plea agreement is appropriate in that it conforms with the sentencing goals that would otherwise be applicable to the defendant's case if the defendant had gone to trial and had been convicted on all counts in the charging instrument.

## VII.    THE DEFENDANT'S ACCEPTANCE OF THE TERMS OF THIS PLEA AGREEMENT

I, BENJAMIN TYLER RICHARDSON, the defendant, affirm this document contains all of the agreements made between me – with the assistance of my attorney – and the United States regarding my plea(s).  There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement.  If there are any additional promises, assurances, or agreements, I and the United States will jointly inform the Court in writing before I enter my guilty plea(s).

//


//


US v. RICHARDSON

I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the Court may impose if I plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the Court when I stand before it to enter my plea. If there were, I would so inform the Court.

I enter into this agreement understanding and agreeing that the conditions set forth herein are obligatory and material to this agreement and that any failure on my part to fulfill these obligations will constitute a material breach of this agreement. If I breach this agreement, I agree the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, at an appropriate hearing, during which I agree any of my disclosures will be admissible, the Court will determine whether or not I have violated the terms of this agreement. I understand the government's burden to prove a breach will be by a preponderance of the evidence.

//


//

US v. RICHARDSON

Page 15 of 18

I understand the Court will ask me under an oath to answer questions about the offense(s) to which I am pleading guilty and my understanding of this plea agreement.  I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

I have read this plea agreement carefully and understand it thoroughly.  I know of no reason why the Court should find me incompetent to enter into this agreement or to enter my plea(s).  I enter into this agreement knowingly and voluntarily.  I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission.  Knowing this, I agree that this document will be filed with the Court.

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the Court and enter my guilty plea(s).  My attorney and I have discussed all possible defenses to the charges to which I am pleading guilty.  My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction.  My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction.  We have discussed the statutes applicable to my offense and sentence as well as the possible effect the U.S.S.G. may have on my sentence.

US v. RICHARDSON

Based on my complete understanding of this plea agreement, I therefore wish to enter a plea of guilty to Count 1 of the Information.

DATED: 1/4/16

BENJAMIN TYLER RICHARDSON
Defendant

As counsel for the defendant, I have conveyed all formal plea offers. I have discussed with the terms of this plea agreement with the defendant, have fully explained the charge(s) to which the defendant is pleading guilty and the necessary elements, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the defendant's competency to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: 1/4/16

JULIE WILLOUGHBY
Attorney for RICHARDSON

//

US v. RICHARDSON

Page 17 of 18

On behalf of the United States, the following accept the defendant's offer to
plead guilty under the terms of this plea agreement.

DATED: ___1|4|16___

_____
JACK S. SCHMIDT
United States of America
Assistant U.S. Attorney

DATED: ___1|4|16___

_____
KAREN L. LOEFFLER
United States of America
United States Attorney

US v. RICHARDSON

Page 18 of 18

✎AO 245B    (Rev. 09/11) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

District of Alaska

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |

**V.**

BENJAMIN TYLER RICHARDSON

Case Number:        1:15-cr-00003-TMB

USM Number:        18200-006

Julie Willoughby
Defendant's Attorney

## THE DEFENDANT:

X  pleaded guilty to count(s)    1 of the Felony Information.

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. §§ 846, 841 (a)(1), (b)(1)(A) and (b)(1)(C) | Drug Conspiracy | 7/15/2014 | 1 |

   The defendant is sentenced as provided in pages 2 through     6     of this judgment.  The sentence is imposed pursuant to
the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)                                  is      are  dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

APRIL 18, 2016
Date of Imposition of Judgment

/S/TIMOTHY M. BURGESS
Signature of Judge

TIMOTHY M. BURGESS, U.S. DISTRICT JUDGE
Name and Title of Judge

APRIL 19, 2016
Date

AO 245B    (Rev. 09/11) Judgment in Criminal Case
            Sheet 2 — Imprisonment

Judgment — Page    2    of    6

DEFENDANT:             BENJAMIN TYLER RICHARDSON
CASE NUMBER:           1:15-cr-00003-TMB

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:    24 months.

X    The court makes the following recommendations to the Bureau of Prisons:
     The defendant be evaluated for participation in the RDAP program.
     The court strongly recommends the defendant be placed as close to Tucson, AZ as possible to facilitate family visits during his period of incarceration.
     The court strongly recommends the defendant be placed in a half way house as soon as possible.

X    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

     ☐  at _____  ☐ a.m.  ☐ p.m.    on _____ .

     ☐  as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

     ☐  before 2 p.m. on _____ .

     ☐  as notified by the United States Marshal.

     ☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered _____  to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev. 09/11) Judgment in a Criminal Case
Sheet 3 — Supervised Release

| | Judgment—Page 3 of 6 |
|---|---|

DEFENDANT:        BENJAMIN TYLER RICHARDSON
CASE NUMBER:   1:15-cr-00003-TMB

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :      5 years.

 

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed   12   tests per month as determined by the probation officer.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

X   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check if applicable)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case

Sheet 3C — Supervised Release

| | Judgment—Page | 4 | of | 6 |

DEFENDANT:         BENJAMIN TYLER RICHARDSON
CASE NUMBER:       1:15-cr-00003-TMB

## SPECIAL CONDITIONS OF SUPERVISION

1.  In addition to submitting to drug testing in accordance with the Violent Crime Control and Law Enforcement Act of 1994, at the direction of the probation officer the defendant shall obtain a substance abuse assessment and participate in any recommended outpatient treatment. The treatment program must be approved by the United States Probation Office and the program shall include testing to determine whether the defendant has reverted to the use of drugs or alcohol. At the direction of the probation officer, the defendant may be required to pay for all or a portion of any treatment program.

2.  The defendant shall submit to a warrantless search of person, residence, vehicle, personal effects, place of employment, and other property by a Federal probation or pretrial services officer or other law enforcement officer, based upon reasonable suspicion of contraband or a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation of supervision.

3.  The defendant shall refrain from the use and/or possession of any synthetic cannabis substances unless prescribed by a physician and such prescription is approved by the Court, and shall not use and/or be in the possession of any designer drugs.

4.  The defendant shall not possess a destructive device or other weapon.

5.  At the direction of the probation officer the defendant shall obtain a mental health assessment and participate in any recommended outpatient mental health treatment. The treatment program must be approved by the United States Probation Office. At the direction of the probation officer, the defendant may be required to pay for all or a portion of any treatment program.

////////////////////////////////////////////////////////////////////////////////////////////////////////////

AO 245B   (Rev. 09/11) Judgment in a Criminal Case
      Sheet 5 — Criminal Monetary Penalties

Judgment — Page   5   of    6

DEFENDANT:              BENJAMIN TYLER RICHARDSON
CASE NUMBER:         1:15-cr-00003-TMB

## CRIMINAL MONETARY PENALTIES

     The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $  100.00 | $ | $ |

☐   The determination of restitution is deferred until   _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

     If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|  |  |  |  |
| **TOTALS** | $ _____ | $ _____ |  |

☐   Restitution amount ordered pursuant to plea agreement  $ _____

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

      ☐   the interest requirement is waived for the    ☐ fine   ☐ restitution.

      ☐   the interest requirement for the    ☐ fine   ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page ___6___ of ___6___

DEFENDANT:        BENJAMIN TYLER RICHARDSON
CASE NUMBER:      1:15-cr-00003-TMB

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A   X   Lump sum payment of $   100.00   due immediately, balance due

      ☐   not later than _____ , or
      X   in accordance      ☐ C,   ☐ D,   ☐   E, or   X F below; or

B   ☐   Payment to begin immediately (may be combined with      ☐ C,      ☐ D, or      ☐ F below); or

C   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
_____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
_____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
term of supervision; or

E   ☐   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   X   Special instructions regarding the payment of criminal monetary penalties:

      Any unpaid amount is to be paid during the period of incarceration at a rate of 50% of wages earned while in the custody of the
Bureau of Prisons and during the period of supervision in monthly installments of not less than 10% of the defendant's gross
monthly income or $25, whichever amount is greater.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during
imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial
Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

      Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount,
and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,

(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Case 1:15-cr-00003-TMB  Document 28  Filed 04/20/16  Page 6 of 6